412 So.2d 1161 (1982)
Mitchel Langfried LAMARTINIERE, et al., Plaintiffs-Appellees,
v.
FRINGE FACTS, INC., et al., Defendants-Appellants.
No. 8599.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1982.
Conner, Martinez & Miles, William W. Miles, Metairie, for defendants-appellants.
Nelson Lee & Associates, Dan McKay, Bunkie, for plaintiffs-appellees.
Before SWIFT, STOKER and LABORDE, JJ.
STOKER, Judge.

MOTION TO DISMISS
Fringe Facts, Inc., defendant-appellant, appeals from a judgment condemning him to pay $19,033.20, 7% legal interest and $3,000.00 attorney's fees to plaintiff-appellee Mitchel Langfried Lamartiniere together with court costs. We dismiss the appeal as not being timely filed.
This action came before the trial court on September 23, 1980, on confirmation of default. On the same date judgment was read, rendered and signed in favor of plaintiff-appellee and against defendant-appellant. Appellant did not apply for a new trial. On April 21, 1981, the appellant submitted a new judgment to the trial court which was rendered that day and signed on April 24, 1981. On June 11, 1981, the defendant-appellant applied for and was granted a devolutive appeal. Under these circumstances, we dismiss the appeal ex proprio motu.
When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Siracusa v. Kramer, 271 So.2d 546 (La.App. 1st Cir. 1972).
LSA-C.C.P. art. 2087 provides the time delays for taking a devolutive appeal:
Art. 2087. Delay for taking devolutive appeal
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution *1162 of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
Amended by Acts 1962, No. 92, § 1; Acts 1976, No. 201, § 1; Acts 1977, No. 174, § 1, eff. Jan. 1, 1978.
Judgment was read, rendered and signed on September 23, 1980. No motion for a new trial was filed by defendant-appellant. The seven days for that application and the sixty days for perfecting a devolutive appeal elapsed before any action was taken by appellant.
The fact that defendant-appellant submitted a second judgment for the court's signature and had such a judgment signed does not extend the delays for appeal. The second judgment was identical to the first judgment. No additions or corrections were made. It was clearly submitted to the court to serve as a device for the extension of the delays for appeal. Since the order of appeal was obtained after applicable delays, the appeal must be dismissed.
APPEAL DISMISSED.