LOTTINGER, Judge.
This court, ex proprio motu, issued a rule to show cause why this appeal should not be dismissed on the grounds that it was untimely.
Appellant, National Union Fire Insurance Company of Pittsburg, Pennsylvania, along with other defendants filed peremptory exceptions to plaintiffs’ petition. On May 8, 1980, the trial court maintained the exceptions of two of the defendants, but the judgment did not mention the disposition made by the trial judge of the appellant’s exception. Notice of this judgment was mailed on May 12,1980. On May 19, 1982, over two years after the judgment was signed, a motion for an appeal filed by appellant was granted. The obvious lateness of the appeal caused this court to issued the show cause order.
If appellant is appealing the May 8, 1980 judgment, arguing that the trial judge by not sustaining appellant’s exception by implication overruled its exception, then the appeal is obviously late. La.Code Civ.P. art. 2087.
Appellant argues that this is an unsigned interlocutory judgment which need not be signed to be appealed, and that there is no time period for seeking appellate relief from such an order, which causes irreparable harm. An interlocutory judgment causing irreparable injury is appeala-ble. La.Civ.P. art. 2083. However, appellant is in error when it argues that there is no time period within which to perfect an appeal from an interlocutory order or judgment. Louisiana Code of Civil Procedure article 2087 clearly refers to “an appealable order or judgment.”
There is an absence in the record of any minute entry showing the disposition of appellant’s exception. However, if the trial judge concomitantly with the sustaining of the exceptions as to other defendants also overruled appellant’s exception, then again the appeal is late. But we again emphasize that there is no minute entry showing such.
Appellant also argues that if the appeal is to be dismissed, then the appeal should be treated as a writ application. Pretermitting any arguments as to whether such a practice is acceptable or not, this court will not entertain any writ application filed after the expiration of delays afforded in cases of appeal.
Therefore, for the above and foregoing reasons, the appeal of appellant, National Union Fire Insurance Company of Pitts-burg, Pennsylvania, is dismissed at its costs.
APPEAL DISMISSED.