442 So.2d 865 (1983)
Delores SANDERS, Plaintiff-Appellant,
v.
Anthony W. ADAMS, Defendant-Appellee.
No. 83-980.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1983.
George A. Guidry, Alexandria, for plaintiff-appellant.
Steven Young, Alexandria, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.

MOTION TO DISMISS
The plaintiff-appellant, Delores Sanders, has devolutively appealed a judgment of the trial court sustaining defendant-appellee's, Anthony W. Adams, exception of no right of action and dismissing Sanders' suit for change of custody or alternatively joint custody. We dismiss the appeal ex proprio motu as being untimely filed.
Sanders alleged in her petition that she was the mother of two minor children, Alisha Renee Adams and Anthony Warren Adams, Jr. She further alleged that the trial court by a previous order had granted custody of the children to the adoptive father, Anthony Warren Adams. Finally, Sanders alleged that the best interest of the children would be served by a change in custody from Adams to her or in the alternative that joint custody be granted. Adams filed the peremptory exceptions of res judicata and no right of action. Adams argued that under LSA C.C. Art. 214 he was the sole adoptive parent and as such has all rights to the children as if they were his legitimate children and that Sanders who surrendered the children for *866 adoption was divested of all her legal rights to the children. Sanders stipulated for the purpose of the present exception that the adoption was valid.
The trial court concluded that Sanders had a right of action. However, on its own motion, the trial court concluded that Sanders' petition failed to disclose a cause of action. The trial court relied on LSA C.C. Art. 214. In its written reasons for judgment, the trial court stated:
"A literal reading of Art. 214 quoted above can lead to no other conclusion but that the adoptive parent has the right to custody and the blood parent is divested of all rights to custody."
The trial court found that by admitting that the final judgment of adoption was legally rendered, Sanders had also conceded that she had no rights to the custody of the children. On August 4, 1983, the trial court signed a final judgment in favor of Adams sustaining his exception of no cause of action and dismissing Sanders' suit. On September 15, 1983, Sanders applied for and was granted a devolutive appeal.
This court issued a rule to show cause why this appeal should not be dismissed as untimely under LSA C.C.P. Art. 3943. In response, Sanders filed a memorandum in which she claimed that LSA C.C.P. Art. 3943 was not applicable because the issue of custody had not yet been litigated.
Louisiana Code of Civil Procedure Article 3943 provides:
"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
If the judgment is related to custody, then the appeal must be perfected within thirty days. Devall v. Devall, 357 So.2d 899 (La.App. 3rd Cir.1978). A review of the facts revealed that the trial court had found that Sanders had divested herself of all her rights to the children including custody. Therefore, we conclude that the judgment appealed from is "related to custody" as that term is used in LSA C.C.P. Article 3943.
When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Lamartiniere v. Fringe Facts, Inc., 412 So.2d 1161 (La.App. 3rd Cir.1982).
In the instant case, the judgment was signed on August 4, 1983, and no notice of judgment was required or requested. Therefore, the delays for filing a motion for a new trial began to run on the next day August 5, 1983, and expired on the seventh day thereafter, exclusive of legal holidays, or on August 15, 1983. LSA C.C.P. Art. 1974. Sanders did not apply for a new trial. Therefore the 30 day appeal delay began to run on August 16, 1983. LSA C.C.P. 1974, 2087(1), 3942, 3943. Sanders according to our calculations would have had until September 14, 1983, to have filed her appeal. Accordingly, the appeal taken on September 15, 1983, was untimely.
For the above and foregoing reasons, the appeal is dismissed at plaintiff-appellant's, Delores Sanders, costs.
APPEAL DISMISSED.