DOMENGEAUX, Judge.
This appeal arises from the homologation of a judicial partition of property owned in indivisión by the litigants. Plaintiff-appel-lee Ralph Liles and defendant-appellant Roy Brown, Jr. entered into a joint real estate venture in 1968 intending to create a subdivision and market the lots therein. In furtherance of the joint venture, a checking account was opened, loans obtained, and in due course, various movables and immov-ables were purchased.
In 1982 appellee Liles petitioned the district court for a partition in kind of the property owned by Liles and Brown. Liles submitted with his petition a detailed descriptive list of the items to be partitioned. On the plaintiff’s motion and without opposition by the defendant, the trial court granted a summary judgment on September 20, 1982, decreeing a partition in kind of the property listed in the detailed descriptive list and directing an appointed notary to effect the partition. The notary divided the immovables to be partitioned into two lots, split the balance of the joint checking account in half, and used the movables to balance out the division. In making the partition, the notary relied solely on the detailed descriptive list submitted by the plaintiff and incorporated into the summary judgment.
After notice and a drawing of lots the notary’s proces verbal was filed, and the litigants were ordered to appear and show cause why the notary’s return should not be homologated. Appellant Brown filed an opposition to the homologation on the grounds that (1) the lots as selected were of unequal value, (2) the amount proportedly existing in the joint checking account was inaccurate, and (3) the parties were not given sufficient notice of the proposed drawing date. The trial court declined to hear evidence on the opposition and on February 27, 1984, a judgment was signed homologating the notary’s proces verbal. On April 6, 1984, the appellant perfected this appeal.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error the appellant raises two issues — the propriety of substituting a sworn detailed descriptive list in lieu of a notary’s inventory in this partition proceeding, and the correctness of the trial court’s summary judgment decreeing the property divisible in kind. We can readily dispose of the first issue. Judicial partitions between co-owners are regulated by La.C.C.P. Art. 4601 et seq. La.C.C.P. Art. 4604 states that the court may order an inventory of all property sought to be partitioned, and such inventory shall be made in accordance with the provisions of La.C.C.P. Arts. 3131 through 3137. La.C. C.P. Art. 3136 authorizes the use of a descriptive list in lieu of a notary’s inventory. It is abundantly clear that La.C.C.P. Art. 4604 authorizes the use of a detailed descriptive list in this partition proceeding.
Appellant’s second issue contests the court’s granting of the motion for summary judgment wherein the court ruled the jointly owned property was divisible in kind. However, “a summary judgment is a final judgment, and an appeal must be taken within the time and in the manner specified for final judgments.” Jones v. Youngblood, 354 So.2d 777 (La.App. 3rd Cir.1978); La.C.C.P. Art. 968.
*1080 Any appeal concerning the method of partition, that is in kind or by licitation, is not timely. The Code of Civil Procedure requires that a devolutive appeal be taken within sixty days from the expiration of delays for a new trial where, as in the present case, none was applied for. La.C. C.P. Art. 2087. A motion for new trial is timely filed no later than seven days after notice of the signing of the judgment which is to be appealed where, as here, notice is required. La.C.C.P. Art. 1974. In this case, the summary judgment was signed on the 20th of September, 1982, and notice was mailed on the same day. As the present appeal was perfected on April 6, 1984, over a year and a half after the summary judgment was signed and notice mailed, appeal delays on issues decided in the summary judgment expired long before any appeal was taken. “When an appellant fails to timely take and perfect his appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may, on its own motion, recognize its lack of authority to entertain the appeal and dismiss same.” Lamartiniere v. Fringe Facts, Inc., 412 So.2d 1161 (La.App. 3rd Cir.1982); Sanders v. Adams, 442 So.2d 865 (La.App. 3rd Cir.1983). Since the appeal of matters finally decided in the summary judgment was taken after the applicable delays, the appeal on those issues must be dismissed.
ASSIGNMENT OF ERROR NO. 2
Appellant’s second assignment of error protests the homologation of the notary’s return where opposition thereto was timely filed and the judge declined to accept appellant’s evidence in opposition.[1] As grounds for his opposition, appellant complains that the notary neither recommended a partition in kind, nor did he conduct an independent evaluation of the property to be partitioned. Further, appellant claims that the disparate values of the immovables and their division for partition together with an inaccurate amount portrayed as existing in the joint checking account created inequity in the partition.
We find the lack of a notary’s recommendation as to the method of partition to be irrelevent. No statute requires such a recommendation, and we have neither found nor been cited a case creating that prerequisite to homologation. At any rate, this issue should have been raised within the applicable appeal delays following the granting of a summary judgment decreeing a partition in kind.[2]
Likewise an independent evaluation by the notary of the property to be partitioned is not required. Further, a detailed descriptive list is prima facie proof of all matters contained therein unless amended or successfully traversed. La.C.C.P. Art. 3137. This ground for opposition also lacks merit.
However, appellant’s final contention, that the trial court erred in refusing to consider the appellant’s evidence in opposition to homologation, is well .founded. An opposition to homologation can be filed at any time before homologation. La.C. C.P. Art. 4610. Both in this court and the one below, appellant contested the equality of the division of the immovables and the amount represented as existing in the joint checking account. The record shows that the appellant attempted to introduce evidence in opposition to the homologation, which the district court refused. Such issues are properly raised by an opposition to homologation of the partition and the trial court should have heard appellant’s evidence to determine whether the partition was equitable. See Sicard v. Sicard, 426 So.2d 299 (La.App. 4th Cir.1983), writ denied, 433 So.2d 163 (La.1983). Although the excluded testimony is included in the record as a proffer of proof, and under *1081 Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), we would have the right to decide the case, we decline to do so. We feel the profferred evidence lacks the detail needed for us to consider the merits..
For the above and foregoing reasons the judgment of the district court is reversed as it now stands, and the case is remanded to the trial court for the limited purpose of allowing the trial judge to admit and consider evidence in connection with the opposition to homologation and to then render his decision. All costs of this appeal are to be borne by the appellee; costs at trial to await final determination of this matter.
REVERSED AND REMANDED.

. Two of the three issues raised in Assignment of Error No. 2 were timely appealed. Those issues stem from the judgment, signed on February 27, 1984, homologating the notary’s return.

. See our opinion concerning Assignment of Error No. 1.