DUFRESNE, Judge.
On November 13, 1986, a bill of information charging the defendant with D.W.I. in violation of LSA-R.S. 14:98 and Following too Close in violation of LSA-R.S. 32:81 A was filed in First Parish Court for the *1241 Parish of Jefferson. At arraignment the defendant entered a plea of not guilty.
On April 8, 1987, the defendant filed a Motion to Quash the proceedings against him, alleging that First Parish Court lacked jurisdiction to adjudicate his charge of D.W.I. The trial court denied the Motion to Quash on April 20,1987. The defendant filed a Notice of Intention to Grant Writs on May 19, 1987; said motion was denied on May 20, 1987 as untimely. The defendant filed a Notice of Intention to File Writs from the denial of his previous notice on May 22,1987. On June 18,1987, this court granted the defendant’s Writ of Review and ordered the matter be docketed by established appellate procedure.
Although the defendant has not filed any formal assignments of error, he contends in his brief that he should have been allowed to pursue his Writ of Review from the denial of his Motion to Quash.
TIMELINESS OF APPLICATION
C.Cr.P. art. 914 sets forth the delay for filing a Motion for Appeal: “The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken.”
In State v. Landry, (Not Designated for Publication, 84-K-109, March 2, 1984) this court applied the same five day delay to an Application for Writ of Judicial Review from the judgment of guilty and sentence in non-jury misdemeanor trial. The court stated that:
In this regard we note that there is a problem with the timeliness of the application. There is no specific time set out in the Code of Criminal Procedure for the taking of a writ of judicial review, but obviously, since it stands in the place of an appeal, it must be taken within the framework set up for the taking of an appeal. It cannot be seriously contended that the silence of the law would work to grant a defendant subject to a relatively minor sentence more rights than are granted defendants with more severe sentences.
The defendant here concedes that the five day delay may apply to those applications for review of non-appealable judgments which involve the imposition of sentence. He contends that because there is no provision in the Code of Criminal Procedure limiting the time period to apply for application for review from interlocutory judgments, no such time period exists. We disagree.
“Where no procedure is specifically prescribed by statute, the court may proceed in a manner consistent with the spirit of the provisions of the constitution and the law. La.C.Cr.P. art. 3.” State v. Manuel, 426 So.2d 140 (La.1983); State v. Cook, 460 So.2d 1075 (La.App. 2nd Cir.1984).
The provision granting the defendant a right to writ of review is set forth in C.Cr. P. art. 912.1, the same article which provides for the defendant’s right of appeal. This article is found in Title XXXI, Appeal, of the Code of Criminal Procedure.
The First Circuit, in interpreting the Code of Civil Procedure, has applied the delays for appealing a case to filing for an interlocutory writ. See Jacobsen v. Ryder Truck Rentals, Inc., 421 So.2d 436 (La.App. 1st Cir.1982), writ denied, 423 So.2d 1164 (La.1982).
DECREE
For the foregoing reasons, we find no error in the ruling of the trial judge denying the defendant’s writ of review. The writ application was filed on May 19, 1987, twenty-nine days after the denial of the Motion to Quash.
Accordingly, this matter is remanded to the trial court for trial on the merits.
WRIT OF REVIEW DENIED, MATTER REMANDED.