540 So.2d 599 (1989)
STATE of Louisiana
v.
David L. MOORE.
No. 87-KA-887.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for plaintiff/appellee.
Bruce G. Whittaker, 24th Judicial District Indigent Defender Bd., Gretna, for defendant/appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
On November 4, 1983, defendant David L. Moore was charged by bill of information with the crimes of simple burglary of an inhabited dwelling, and receipt of stolen things valued at $500, violations of R.S. 14:62.2 and R.S. 14:69. Initially defendant plead not guilty, but on January 18, 1984, pursuant to plea bargain agreement, he changed his plea to guilty of receiving stolen property valued at $100 or more, but less than $500. Immediately thereafter the trial judge sentenced him to serve two years in the custody of the Department of Corrections. The sentence was suspended and the defendant was placed on active probation for a period of twenty-four months. As conditions of probation, defendant was required inter alia to report to his probation officer, make restitution, and pay a fine and court costs.
In June, 1984, with the approval of his probation officer, appellant relocated to Alabama. In April, 1985, defendant apparently changed his telephone number to an unlisted number. He did not notify his probation officer of the new number, nor did he maintain the required contact with him.
On January 13, 1986, on motion of the district attorney, the trial judge issued a warrant to arrest defendant for his absconding on or about April 1, 1985. Defendant was eventually arrested and returned to Louisiana. Thereafter on July 8, 1987, after a hearing on the matter, the trial court revoked defendant's probation and sentenced him to imprisonment at hard labor for two years.
On July 28, 1987, defendant filed a motion for appeal in proper person from the judgment revoking his probation, which was granted on August 26, 1987. The record was lodged in this Court on December 17, 1987, with defendant appearing as his own counsel. On January 11, 1988, this Court ordered a stay of the appellate proceedings and remanded the case to the trial *600 court for an evidentiary hearing to ascertain if defendant knowingly and intelligently waived his right to counsel, either retained or appointed.[1] On November 17, 1988, counsel from the Indigent Defender Board was appointed to represent defendant on appeal. The record was then relodged as an appeal on November 18, 1988.
The defendant has no right of appeal from the revocation of his probation. State v. Manuel, 349 So.2d 882 (La.1977). However, pursuant to defense counsel's request, we have exercised our supervisory jurisdiction and maintained the matter, treating it as an application for a supervisory writ. State v. Davis, 480 So.2d 495, 496 n. 2 (La.App. 5th Cir.1985).
In our examination of the record we found that the application is untimely. C.Cr.P. art. 914 sets forth the delay for filing a motion for appeal: "The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken." This Court has previously decided that the same five day delay applies to an application for writ of supervisory review from a criminal conviction. State v. North, 520 So.2d 1240 (La.App. 5th Cir.) writ denied 522 So.2d 569 (La.1988).
After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal. The appropriate procedural vehicle for a defendant to seek exercise of his right to appeal after the delay provided in Article 914 has expired is by application for post-conviction relief filed in the district court. State v. Counterman, 475 So.2d 336 (La. 1985); State v. Larche, 534 So.2d 512 (La. App. 5th Cir.1988).
Accordingly, the application is dismissed and the matter is remanded to allow defendant to seek reinstatement of his right to have the matter reviewed by this Court.
WRIT OF REVIEW DISMISSED, MATTER REMANDED.
NOTES
[1] This Court further ordered, "that upon completion of the hearing a transcript of the proccedings is to be made and lodged in this Court supplementing the record on appeal".