551 So.2d 852 (1989)
Louis BERRY, Plaintiff-Appellant,
v.
Frank GUIDRY, Defendant-Appellee.
No. 88-719.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
George C. Metoyer, Alexandria, for plaintiff-appellant.
James D. Davis, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
GUIDRY, Judge.
Plaintiff-appellant, Louis Berry, appeals a judgment of the trial court, signed April 19, 1988, dismissing his defamation suit filed against Frank Guidry. We dismiss the appeal, ex proprio motu, as being untimely filed.
Plaintiff, Louis Berry, filed this defamation suit in the Alexandria City Court on May 12, 1987. The case came for trial on March 17, 1988. At the close of the trial the trial judge asked for memoranda from both counsel. Plaintiff had previously submitted a memorandum in connection with a motion for summary judgment and informed the court that he would rely on that memorandum.
Defendant drafted and submitted his memorandum, sending a copy of same to plaintiff. Plaintiff, upon receipt of defendant's memorandum, drafted, signed and submitted to defendant for his approval, a judgment dismissing plaintiff's suit. Said judgment, approved by both plaintiff and defendant, was signed by the trial judge April 19, 1988.
Thereafter, plaintiff learned that the trial judge had not reached any decision in the case, but had signed the judgment submitted believing it to represent a joint motion to dismiss plaintiff's suit. Plaintiff sought to appeal the judgment of April 19, 1988 by a motion for appeal signed May 11, 1988.
La.C.C.P. art. 5002 states in pertinent part, "[a]n appeal from a judgment rendered by a city court ... may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary". Notice of judgment was unnecessary and the delay for taking an appeal began to run April 19, 1988. That delay expired May 1, 1988.
In Sanders v. Adams, 442 So.2d 865 (La.App. 3rd Cir.1983), this court stated:
"When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may on its own motion, recognize its lack of authority to entertain the appeal and dismiss same. Lamartiniere v. Fringe Facts, Inc., 412 So.2d 1161 (La.App. 3rd Cir.1982)."
Accordingly, for the foregoing reasons, we find plaintiff's appeal to be untimely and dismiss the appeal at plaintiff-appellant's costs.
APPEAL DISMISSED.