624 So.2d 4 (1993)
Montrell JONES
v.
DILLARD DEPARTMENT STORES, INC. and Liberty Mutual Insurance Company.
No. 93-CA-205.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1993.
Pierre G. Gaudin, Gretna, for plaintiff, appellant Montrell Jones.
J. Steven Jarreau, Metairie, for defendants, appellees Dillard Dept. Stores and Liberty Mut. Ins. Co.
Before GOTHARD and CANNELLA, JJ., and THOMAS F. DALEY, J. Pro Tem.
CANNELLA, Judge.
Plaintiff, Montrell Jones, appeals from the trial court judgment, which dismissed her claim, with prejudice, in favor of defendants, Dillard Department Stores, Inc. and Liberty Mutual Insurance Company, for plaintiffs failure to personally appear on the day set for trial. For the reasons which follow we dismiss the appeal as untimely filed.
Plaintiff filed suit on February 4, 1991 in Second Parish Court for the Parish of Jefferson to recover damages which she allegedly suffered on September 7, 1990 when she injured herself in defendant's store. On October 9, 1992, when the matter was called for trial, plaintiffs attorney was present, but not plaintiff. The court granted defendants' motion to dismiss the case, with prejudice, and signed the judgment on October 9, 1992. On November 10, 1992 plaintiffs counsel filed a Motion and Order to Reinstate Claim for Damages. This was heard and denied on December 11, 1992 and the judgment was signed on December 23, 1992. A Motion and Order for Appeal was filed on January 8, 1993 and granted on January 11, 1993. Plaintiff appeals from the judgment dated December 23, 1992, only.
La.C.C.P. art. 5002 provides:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.
La.C.C.P. art. 4907 provides that "the delay for applying for a new trial shall be three days, exclusive of holidays."
La.C.C.P. art. 5059 provides:
In computing a period of time allowed or prescribed by law or by order of court, the *5 date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
A half-holiday is considered as a legal holiday. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except when:
1) It is expressly excluded;
2) It would otherwise be the last day of the period; or
3) The period is less than seven days.
Plaintiff urges this court to consider her appeal from the December 23, 1992 judgment. No motion for new trial was made after the December 23, 1992 judgment. Therefore, the ten-day period for taking an appeal from a parish court judgment commenced on the day after the judgment (December 24, 1992) and had expired (on January 3, 1993) before the January 8, 1993 appeal motion was filed.[1] We have considered plaintiffs appeal and find it untimely filed.
The actual judgment on the merits in this case was rendered on October 9, 1992, when the trial judge signed a judgment dismissing plaintiffs case, with prejudice. At best, plaintiffs November 10, 1992 Motion and Order to Reinstate Claim for Damages may be viewed as a Motion for New Trial from said judgment, which was not timely filed. An untimely motion for new trial does not stop appellate delays from running. To preserve her right to appeal from the October 9, 1992 judgment, plaintiff should have either filed a motion for new trial within three days from that judgment or filed her motion for appeal within ten days from that judgment. Having done neither, the judgment, dismissing her case with prejudice, is final.
When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. Berry v. Guidry, 551 So.2d 852 (La.App. 3rd Cir. 1989); Sanders v. Adams, 442 So.2d 865 (La.App. 3rd Cir.1983).
Accordingly, for the foregoing reasons, we find plaintiffs appeal to be untimely, resulting in a lack of appellate jurisdiction, and, therefore, dismiss the appeal.
APPEAL DISMISSED.
NOTES
[1] Plaintiff argues that Christmas Eve, Christmas Day, New Years Eve and New Years Day, as well as two weekends, should be excluded from the ten day computation. No authority was cited in support of this contention and we find none. Under La.C.C.P. art. 5059, the general article on computation of time, holidays are only excluded from the computation when it is expressly provided, when the holiday falls on the last day of the period, or when the period is less than seven days. This case does not fall within any of those exceptions.