771 So.2d 214 (2000)
Michael WARREN, et ux.
v.
SOUTHERN ENERGY HOMES, INC., d/b/a Southern Life/Style Homes, et al.
No. CA-00-1236.
Court of Appeal of Louisiana, Third Circuit.
October 4, 2000.
Rehearing Denied November 28, 2000.
Paul Joseph Hebert, Lafayette, Louisiana, Counsel for Plaintiffs/Appellees.
Stephen Gary McGoffin, Durio, McGoffin, & Stagg, Lafayette LA, Counsel for Defendant/Appellee.
Lamont Paul Domingue, Voorhies & Labbé, Lafayette, Louisiana, Counsel for Defendant/Appellant.
(Court composed of HENRY L. YELVERTON, JIMMIE C. PETERS, and GLENN B. GREMILLION, Judges).
YELVERTON, Judge.
Plaintiffs-Appellants, Michael and Melissa Warren, have filed a motion to dismiss the appeal by defendant-appellant, Southern *215 Energy Homes, Inc. For the reasons discussed below, we dismiss the appeal.
The Warrens purchased a mobile home from Bayou Housing, Inc., which home was manufactured by Southern Energy Homes, Inc., d/b/a Southern Life/Style Homes. The Warrens allege that the home is not fit for its intended purpose because of problems with condensation and mildew which occurred after the installation of the air conditioning unit by Air Conditioning Services of Louisiana. Therefore, the Warrens filed suit against these three companies.
In the course of this litigation, Southern Energy Homes filed a Motion to Compel Arbitration and Stay Proceedings asserting that the Warrens entered into a written agreement to submit any claims arising out of the purchase of this home to binding arbitration. A hearing on the motion was held by the trial court on April 10, 2000, and the trial judge orally denied the motion at the conclusion of the hearing with the attorneys for the Warrens and Southern Energy Homes present. A written judgment in conformity with the oral ruling was signed by the trial court on May 25, 2000, and notice of the signing of the judgment was mailed by the clerk of court on May 30, 2000.
Southern Energy Homes first filed a Motion and Order for a Devolutive Appeal on June 20, 2000; the trial court signed the order granting the appeal on that same day. Subsequently, Southern Energy Homes filed a Motion and Order for Suspensive Appeal on June 26, 2000, which the trial court granted on June 29, 2000. The record on this appeal was lodged in this court on August 31, 2000.
On September 5, 2000, the Warrens filed their motion to dismiss the appeal. The Warrens recognize that the jurisprudence has held that a judgment refusing to order arbitration is an appealable, interlocutory ruling pursuant to La. Code Civ.P. art.2083 due to the irreparable injury that would occur were an immediate appeal not available. See Grote v. Merrill Lynch, Pierce, Fenner, 96-551 (La.App. 3 Cir. 11/6/96); 682 So.2d 926. However, the Warrens contend that the appeal in the instant case was not timely perfected. The Warrens rely of La. Code Civ.P. art. 1914(B) as support for the proposition that a motion for an appeal must be filed within ten days of the notice of ruling.
La. Code Civ.P. art.1914, reads:
Art.1914. Interlocutory order or judgment; notice; delay for further action when notice required
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial or a judgment notwithstanding the verdict, regardless of whether the motion is taken under advisement, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
As discussed above, the clerk of court mailed notice on May 30, 2000, of the signing of the written judgment denying the motion to compel arbitration. The plaintiffs argue that Southern Energy Homes had only ten days from that date to file a motion seeking an appeal from this ruling. Applying this reasoning, the plaintiffs *216 contend that since the first motion for an appeal was not filed until June 20, 2000, the appeal was untimely.
This court would first observe that the jurisprudence has interpreted the notice requirements set forth in La. Code Civ.P. art.1914, as this article was originally enacted, to pertain solely to interlocutory rulings that have been taken under advisement. Doolan v. Doolan, 349 So.2d 980 (La.App. 3 Cir.1977). While Article 1914 was amended subsequent to this court's opinion in Doolan in order to require the mailing of notice of the denial of a motion for new trial or a judgment notwithstanding the verdict regardless of whether this ruling has been taken under advisement, this article was not changed to require the mailing of notice when the trial court orally renders any other interlocutory decree in open court with counsel present. Therefore, since the ruling sub judice was not taken under advisement but was rendered in open court with counsel present, we find La. Code Civ.P. art. 1914(B) to be inapplicable.
However, our inquiry into the timeliness of the instant appeal cannot end with the above. The procedure for perfecting an appeal is set forth in Book III, Title I, of the Louisiana Code of Civil Procedure, Articles 2081, et seq. The delay for perfecting a devolutive appeal is found in La. Code Civ.P. art.2087, and the delay for perfecting a suspensive appeal is found in La. Code Civ.P. art. 2123.
In determining the timeliness of a devolutive appeal from an interlocutory ruling in Jacobsen v. Ryder Truck Rentals, Inc., 421 So.2d 436, 437 (La.App. 1 Cir.), writ denied, 423 So.2d 1164 (La.1982), the court wrote:
Appellant argues that this is an unsigned interlocutory judgment which need not be signed to be appealed, and that there is no time period for seeking appellate relief from such an order, which causes irreparable harm. An interlocutory judgment causing irreparable injury is appealable. La. Civ.P. art. 2083. However, appellant is in error when it argues that there is no time period within which to perfect an appeal from an interlocutory order or judgment. Louisiana Code of Civil Procedure article 2087 clearly refers to "an appealable order or judgment."
An interlocutory ruling need not be in writing. See Owens v. Jackson, 550 So.2d 359 (La.App. 3 Cir.1989). As discussed above, except for a ruling which denies a motion for new trial or a judgment notwithstanding the verdict, the notice requirements set forth in La. Code Civ.P. art. 1914(B) have been interpreted to be restricted to cases taken under advisement. Moreover, we note that the delays for seeking an appeal provided by La. Code Civ.P. arts.2087 and 2123 are tied to the delays for applying for a new trial or the denial of a timely application for new trial. In the case of an interlocutory decree, no motion for new trial is allowed. Clement v. American Motorists Ins. Co., 98-504 (La.App. 3 Cir. 2/3/99); 735 So.2d 670, writ denied, 99-603 (La.4/23/99); 742 So.2d 886.
In the case sub judice, even if this court were to give the appellant herein the benefit of the time period for filing an application for new trial as the starting date for the appeal delays pursuant to C.C.P. arts. 2087 and 2123, the instant appeal is untimely. The oral ruling was rendered on April 10, 2000, and since no notice of judgment is required pursuant to La. Code Civ.P. art. 1914, the delay for applying for a new trial would have to be considered as beginning the next day. Counting seven days, exclusive of legal holidays, from that date as provided by La. Code Civ.P. art.1974, this delay would have ended on April 19, 2000. The sixtieth day from that date was Sunday, June 18, 2000; therefore, we find that the latest that Southern Energy Homes could have filed a motion for an appeal was June 19, 2000. Since Southern Energy Homes filed its motion for a devolutive appeal on June 20, *217 2000, this appeal was taken untimely and must be dismissed.
Southern Energy Homes has filed an opposition memorandum in this court in response to the motion to dismiss that was filed by the Warrens. In this memorandum, Southern Energy Homes correctly argues that the appeal delays are set forth in La. Code Civ.P. arts. 2087 and 2123, not La. Code Civ.P. 1914. However, Southern Energy Homes also contends that this court must not apply the rules applicable to interlocutory judgments insofar as those rules allow for discretionary appeals because this action would undermine the goals and principles of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, et seq., which require that judgments denying a motion to compel arbitration be automatically appealable.
Extrapolating from this premise, Southern Energy Homes draws the conclusion that this court must treat a judgment denying a motion to compel arbitration the same as other judgments which are automatically appealable, such as final judgments. Applying this logic to the issue raised by this appeal, this court would be required to hold that the delay for seeking an appeal from the interlocutory judgment denying the motion to compel arbitration in the instant case must be considered as beginning from the date that the district court mailed the notice of the signing of the written judgment.
As stated above, a ruling denying a motion to compel arbitration is appealable; therefore, the requirement of the FAA that appeal be allowed from such a ruling is satisfied. The FAA does not provide any special rule for determining the time delay for seeking an appeal from this ruling. Moreover, this court finds no authority which would require that a ruling denying a motion to compel arbitration be in writing in order to be appealed, unlike other interlocutory decrees which cause irreparable injury. Allowing an appeal to be taken from the oral ruling will result in a more expeditious review than requiring that the ruling be reduced to writing before the appeal can be perfected. Therefore, since we do not find that a ruling denying arbitration must be in writing before an appeal may be taken, we hold that the delay for seeking the appeal in the instant case began the day following the trial court's oral ruling.
This court would also comment that in the instant case, a reading of the transcript from the hearing on this motion to compel arbitration indicates that neither the trial court nor the parties contemplated that a written judgment would be signed denying the motion. Thus, we find no benefit to Southern Energy Homes in the holding in Kosmitis v. Bailey, 96-1573 (La.10/4/96); 680 So.2d 1167, that the delays for seeking review of an interlocutory ruling are suspended until a written judgment is signed when a written ruling is anticipated by the trial court and the parties. Accordingly, we hereby dismiss this appeal as untimely at appellant's cost.
APPEAL DISMISSED.