# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**05-484**


NICHOLAS ROZAS AND BETTY ROZAS

VERSUS

KEITH MONTERO AND
MONTERO BUILDERS, INC.


************


**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 66,916-B
HONORABLE PAUL DEMAHY, DISTRICT JUDGE**


************


**JAMES T. GENOVESE
JUDGE**


************


Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.


**VACATED AND REMANDED WITH INSTRUCTIONS.**


**Bruce A. Gaudin**
**100 West Bellevue Street**
**Opelousas, Louisiana 70570**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Keith Montero and Montero Builders, Inc.**


**G. Douglas Dean**
**504 South Main Street**
**Opelousas, Louisiana 70570**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Nicholas Rozas and Betty Rozas**

**GENOVESE, JUDGE.**

Defendants appeal the trial court's granting of a default judgment in favor of the Plaintiffs, and the lifting of a stay order pending arbitration. For the following reasons, we vacate the default judgment and remand for further proceedings.

**STATEMENT OF THE CASE**

Plaintiffs, Nicholas and Betty Rozas (hereinafter collectively referred to as "Rozas"), filed suit against Keith Montero and Montero Builders, Inc. (hereinafter collectively referred to as "Montero"), alleging breach of contract for the construction of the Rozas residence. Montero filed an exception of prematurity seeking arbitration pursuant to the construction contract. By judgment dated October 16, 2003, the trial court ordered a stay of the proceedings pending the completion of arbitration between the parties with the condition that "if arbitration proceedings are not initiated by Keith Montero and/or Montero Builders, Inc. on or before the 18th of November, 2003, then this stay shall be lifted, and the defendants shall then file responsive pleadings on or before the 3rd day of December, 2003."

On November 17, 2003, Montero Builders, Inc. filed for arbitration. Rozas filed a motion to lift the stay asserting that the demand for arbitration failed to comply with the trial court's judgment since the demand was (1) made solely by Montero Builders, Inc. and not by Keith Montero individually, and (2) because the demand asserted only that Montero Builders was due $10,000.00 on its lien claim against Rozas without any mention of Rozas' claim for breach of the construction contract against Montero. On January 8, 2004, the trial court granted Rozas' motion to lift the stay and ordered Montero to file an answer to Rozas' petition within ten (10) days of January 6, 2004. No appeal or writ application was taken by Montero from that ruling.

1

Though no answer by Montero is recorded in the file of these proceedings, an answer to Montero's reconventional demand was filed by Rozas on February 9, 2004. In mid-April of 2004, Rozas moved to compel discovery due to Montero's alleged failure to answer interrogatories and produce documents which had been requested since March 3, 2004. Pursuant to stipulation by counsel for the parties, the trial court ordered Montero to answer in full all interrogatories and requests for production of documents on or before June 3, 2004.

When Montero failed to timely answer the court-ordered discovery, Rozas filed a motion for default judgment, or sanctions, requesting that the trial court grant an award of $84,855.30 for damages and $30,000.00 for attorney fees, plus all costs of court and interest on all sums awarded from the date of judicial demand until paid. On September 24, 2004, a hearing on Rozas' motion for default judgment was held wherein the following stipulation was entered into the record:

> BY MR. DEAN: [Plaintiffs' Counsel] We have agreed to a stipulation, Your Honor, which will basically provide that Mr. Keith Montero of Montero Builders, Inc. will have fifteen days from today's date to produce himself at my office in Opelousas, Louisiana for his deposition at his cost and will also fully answer all outstanding interrogatories and requests for production which have not yet been answered as shown in the memorandum attached to our motion for today, and of that within fifteen days, failing which the court has instructed us that the court will rule today that a judgment will be rendered, failing the appropriate remedies of this problem by Mr. Montero and Montero Builders, for $80,000, plus $20,000 and [sic] attorney fees, plus accrued interest and all cost of these proceedings if this agreement is not complied with – if the judgment is not complied with.

> BY THE COURT: Yes. And that is the agreement between the parties?

> BY MR. McMAHON: [Defendants' Counsel] Paul McMahon, Your Honor. Yes, sir.

> BY MR. DEAN: It's also the ruling of the court, Your Honor.

> BY THE COURT: Yes. Based on that agreement, I will issue a

judgment ordering Mr. Montero and Montero Builders to comply as previously stated. Failure to comply, a judgment will be rendered in favor of the plaintiffs in the amounts stipulated.

BY MR. McMAHON: Thank you, Judge.

BY MR. DEAN: And all costs of these proceedings will be cast on Mr. Montero?

BY THE COURT: Yes.

As a result of the September 24, 2004 hearing, the trial court signed a judgment on October 6, 2004, which ordered Montero to respond in full to Rozas' discovery. The judgment further provided:

> [U]pon presentation of an affidavit attesting that KEITH MONTERO or MONTERO BUILDERS, INC. have failed to comply with any of the requirements of this Judgment, this court shall enter a judgment in favor of NICHOLAS ROZAS and BETTY ROZAS . . . in the sum of Eighty Thousand . . . dollars plus attorney fees of Twenty Thousand . . . dollars, judicial interest on all sums awarded . . . and dismissing the counter claims of KEITH MONTERO and MONTERO BUILDERS, INC. against NICHOLAS ROZAS and BETTY ROZAS, with prejudice and at the cost of KEITH MONTERO and MONTERO BUILDERS, INC. Said Judgment shall issue without the necessity of any proof other than violation of any of the provisions thereof.

On November 8, 2004, subsequent to the deposition of Keith Montero, counsel for Rozas filed an affidavit asserting that Montero had not responded to discovery in full and attached as an exhibit a copy of the transcript of Keith Montero's deposition. Counsel for Rozas also submitted a proposed judgment. The trial court signed the judgment on November 9, 2004.

**ISSUES**

Montero appeals and presents the following issues for review:

(1) The trial court abused its discretion by granting a default judgment in favor of Rozas and by dismissing the reconventional demand of Rozas for the alleged failure of Montero to comply with court ordered discovery where there is no evidence in the record that Montero was in bad faith, or that Montero was aware of the pending sanctions, or that the failure to comply with the court order was the fault of Montero rather than the fault of

3

Montero's counsel at the time;

(2)     The trial court erred in granting the default judgment in favor of Rozas in the amount of $80,000.00 plus $20,000.00 in attorney's fees, and that said award is both excessive and not supported by the evidence; and

(3)     The order signed by the trial court on January 8, 2004, which lifted the stay and required the parties to proceed in the district court despite a pending arbitration of the dispute, is clearly wrong.

## LAW AND DISCUSSION

### Standard of Review

"Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery." *Trahan v. State ex rel. Dept. Health and Hospitals*, 04-743, p. 2 (La.App. 3 Cir. 11/10/04), 886 So.2d 1245, 1248 (citing *Moak v. Ill. Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401; *Ward v. Tenneco Oil Co.*, 564 So.2d 814 (La.App. 3 Cir.1990)). "Such discretion will not be disturbed on appeal absent clear showing of abuse." *Trahan*, 886 So.2d 1248-49.

### Sanctions and Dismissal for Failure to Comply with Discovery

Louisiana Code of Civil Procedure Article 1471 sets forth sanctions for failure to respond to discovery. It provides in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party *fails to obey an order to provide or permit discovery*, including an order made under Article 1469 or 1464, *the court in which the action is pending may make such orders in regard to the failure as are just*, and among others the following:
>
> . . . .
>
> (3) *An order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party*.

4

. . . .

> *In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.*

(Emphasis added).

Clearly, a litigant who refuses to make a good faith effort to respond to discovery risks sanctions, including dismissal and default.

In the recent case of *Trahan*, 886 So.2d at 1249-50 (alteration in original), this court observed:

> In *Horton v. McCary*, 93-2315 (La.4/11/94), 635 So.2d 199, the supreme court addressed the propriety of the dismissal of a plaintiff's claims for failure to comply with discovery, observing that "[t]here is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery" and that "[t]rial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Id*. at 203. The court further noted that dismissal is a "draconian" penalty which should only be applied in "extreme circumstances." *Id.*

> Comparing the Louisiana rule for sanctioning a party who fails to comply with discovery with the Federal rule, the *Horton* court identified four factors appellate courts should consider when determining whether a trial court's dismissal of a plaintiff's claims is an abuse of discretion:

> (1)    whether the violation was willful or resulted from inability to comply;

> (2)    whether less drastic sanctions would be effective;

> (3)    whether the violations prejudiced the opposing party's trial preparation; and

> (4)    whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

> *Id*. The court further observed that "[t]he record must support 'a finding that the failure was due to . . . wilfulness, bad faith, or fault'" before dismissal of a plaintiff's claims is appropriate. *Id. quoting Allen v. Smith*, 390 So.2d 1300, 1302 (La.1980).

5

The Louisiana Supreme Court also recently addressed this issue in *Hutchinson v. Westport Insurance Co.*, 04-1592, p. 2 (La. 11/08/04), 886 So.2d 438, 440, stating:

> The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. *Lirette v. Babin Farms, Inc.*, 02-1402, p. 3 (La.App. 1 Cir. 4/2/03), 843 So.2d 1141, 1143; *Garza v. Int'l. Maint. Corp.*, 97-317, p. 3 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1023. Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances. *Horton v. McCary,* 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant. *Garza,* 97-317 at p. 5, 702 So.2d at 1024.

> In *Horton*, we adopted from the federal courts four factors to consider before taking the drastic action of dismissal. These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Horton,* 93-2315 at pp. 10-11, 635 So.2d at 203.

In both *In re Wiley*, 03-793 (La.App. 3 Cir. 12/23/03), 862 So.2d 1243, and *Trahan*, 886 So.2d 1245, this court determined that without sworn testimony, no assessment of these factors could be made. Here, as in *Wiley* and *Trahan*, only counsels' arguments are available for us to consider. Without evidence concerning these factors, we cannot determine whether the trial court's granting of a default judgment or dismissal was error.

In the case at bar, counsel entered into a stipulation for a default judgment as a sanction for non-compliance with discovery contingent upon an "agreement" that Montero would "fully" respond to discovery and produce himself for deposition. The record indicates that Montero did somewhat respond to discovery requests and was deposed. Rozas contends that Montero's response to their discovery was inadequate and, therefore, filed the "affidavit" for the default judgment as instructed by the trial court. Montero contends that he adequately responded to discovery, was present for

6

his deposition, and therefore, was not in default.

The legal error in this case is the entry of a default judgment pursuant to conditional stipulation without a hearing to determine whether or not the conditions of the stipulation were met so as to trigger the default judgment. At the very minimum, before entering the draconian sanction of a default judgment, due process requires a hearing on the issue of whether or not the conditions of the stipulation were met. If, after a hearing on the matter, the trial court finds that the conditions of the stipulation were not met and that Montero failed to adequately comply with discovery, it may enter the stated default judgment, or any other sanction the trial court deems legally appropriate.

Accordingly, the default judgment and dismissal are vacated, and the matter is remanded for an evidentiary hearing as set forth above in accordance with *Trahan*, 886 So.2d 1245.

### *Arbitration*

In his final assignment of error, Montero asserts that the trial court erred in lifting the stay and requiring the parties to proceed in the district court despite a pending arbitration of the dispute.

On August 20, 2003, Montero filed an exception of prematurity seeking arbitration pursuant to the construction contract. By judgment dated October 16, 2003, the trial court ordered that the proceedings be stayed pending the completion of arbitration between the parties with the condition that "if arbitration proceedings are not initiated by Keith Montero and/or Montero Builders, Inc. on, or before, the 18th of November, 2003, then this stay shall be lifted, and the defendants shall then file responsive pleadings on, or before, the 3rd day of December, 2003."

On November 17, 2003, Montero Builders, Inc. filed for arbitration. Rozas

filed a motion to lift the stay asserting (1) that the demand for arbitration failed to comply with the trial court's judgment since the demand was made solely by Montero Builders, Inc. and not by Keith Montero individually, and (2) that the demand asserted only that Montero Builders was due $10,000.00 on its lien claim against Rozas without any mention of Rozas' claim for breach of the construction contract against Montero. The trial court granted Rozas' motion to lift stay and in its judgment of January 8, 2004, ordered Montero to file an answer to Rozas' petition within ten (10) days of January 6, 2004. Montero did not appeal this ruling, or seek supervisory writs, and only now, after the judgment of November 9, 2004, does he raise the issue of this ruling alleging trial court error.

In *West v. Bruner Health Group, Inc.*, 03-152, pp. 8-10 (La.App. 3 Cir. 10/29/03), 866 So.2d 260, 266-67, *writs denied*, 04-913, 04-935 (La. 6/18/04), 876 So.2d 805, 806 (alteration in original), this court observed:

> Initially, we note that "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." La.Code Civ.P. art. 2085. "The acquiescence that prohibits an appeal, or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given is done or given, there has been acquiescence in the judgment." *Times Picayune Publ'g Corp. v. New Orleans Aviation Bd.*, 99-237, p. 5 (La.App. 5 Cir. 8/31/99), 742 So.2d 979, 982, *writ denied*, 99-2838 (La.12/10/99), 751 So.2d 257. Importantly, "[a]n appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned." La.Code Civ.P. art. 2162. "[W]here there is no right to appeal, an appellate court may dismiss an appeal on its own motion." *Guidry v. Sothern*, 98-1152, p. 4 (La.App. 1 Cir. 5/14/99), 734 So.2d 928, 930.

> Clearly, by participating fully in the trial on the merits, Bruner Health acquiesced in the ruling denying its exception and ordering it to proceed to trial. As explained in *Thomas v. Desire Community Housing Corp.*, 98-2097, p. 7 (La.App. 4 Cir. 7/19/00), 773 So.2d 755, 759, under the particular facts of that case:

> [O]ne who claims entitlement to arbitration cannot make a *pro forma* request for it, file a reconventional demand and then sit on his rights for six and a half years, participate in litigation and then after an adverse ruling cry "'Kings-X,' the judgment is invalid for want of arbitration." That is the very antithesis of what arbitration is all about.

Likewise, Bruner Health cannot make a *pro forma* request for arbitration, participate in the litigation process for almost two and one-half years, agree to continue the hearing on its exceptions until the morning of trial, proceed through trial on the merits, and then appeal the arbitration issue after an adverse judgment on the merits of the case. At this late date, Bruner Health has acquiesced in the ruling against it. Thus, Bruner Health is precluded from appealing the arbitration issue.

Furthermore, "a judgment refusing to order arbitration is an appealable, interlocutory ruling . . . due to the irreparable injury that would occur were an immediate appeal not available." *Warren v. Southern Energy Homes, Inc.*, 00-1236, p. 3 (La.App. 3 Cir. 10/4/00), 771 So.2d 214, 215. A ruling denying arbitration need not be in writing before an appeal may be taken. *Id.* In fact, the delays for seeking an appeal from the ruling denying arbitration in the instant case began on August 2, 2002, the day after the trial court's oral ruling. *See id.* Thus, Bruner Health's November 15, 2002 appeal of the arbitration issue was untimely as well. "'When an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal. In such instances, the appellate court may on its own motion, recognize its lack of authority to entertain the appeal and dismiss same.'" *Berry v. Guidry*, 551 So.2d 852 (La.App. 3 Cir.1989) (quoting *Sanders v. Adams*, 442 So.2d 865, 866 (La.App. 3 Cir.1983)).

Accordingly, because Montero acquiesced in the judgment lifting the stay, failed to timely file an appeal, or seek supervisory writs on the issue, and proceeded with discovery for over nine months following the trial court's ruling, we recognize, on our own motion, our lack of authority to entertain the appeal as to the arbitration issue and dismiss Montero's appeal to that extent.

**DECREE**

For the above and foregoing reasons, the trial court's judgment is vacated insofar as it grants judgment in favor of Nicholas and Betty Rozas and awards Nicholas and Betty Rozas the sum of $80,000.00 plus attorney fees of $20,000.00, judicial interest on all sums awarded, and dismisses the counter claims of Keith

Montero and Montero Builders, Inc. against Nicholas and Betty Rozas, with prejudice, and at the cost of Keith Montero and Montero Builders, Inc. This matter is remanded for further proceedings to determine whether there was a breach of court-ordered discovery. Costs of this appeal are assessed equally between appellants and appellees.

**VACATED AND REMANDED WITH INSTRUCTIONS.**