# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-141

**EILEEN HOPE-KIDD**

**VERSUS**

**ELIZABETH STEWART, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 112,908
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## DAVID E. CHATELAIN[*]
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain, Judges.

**AFFIRMED.**

**C. Shannon Hardy**
**Penny & Hardy**
**Post Office Box 2187**
**Lafayette, Louisiana 70502-2187**
**(337) 231-1955**
**Counsel for Defendant/Appellee:**
        **Allstate Insurance Company**

**J. Quentin Simon**
**J. Quentin Simon, Ltd.**
**1408 West Pinhook Road, Suite A**
**Lafayette, Louisiana 70503**
**(337) 235-3200**
**Counsel for Plaintiff/Appellant:**
        **Eileen Hope-Kidd**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**CHATELAIN, Judge.**

The plaintiff appeals the trial court's denial of her request for penalties against the defendant insurer for its failure to pay 100% of settlement funds within thirty days as provided in La.R.S. 22:1973. We affirm.

## FACTS

On May 29, 2008, Eileen Hope-Kidd was struck from behind by a motor vehicle driven by Elizabeth Stewart. Ms. Hope-Kidd filed suit against Ms. Stewart and her insurer, Allstate Insurance Company (Allstate), for damages she suffered as a result of the accident. She also sued Allstate in its capacity as her underinsured/uninsured (UM) insurer. During the litigation of her claims, Ms. Hope-Kidd asserted claims for penalties against Allstate for its failure to extend to her a written offer of settlement for the expenses she incurred for alternative transportation in violation of La.R.S. 22:658(B)(4) and its failure to tender payment to her as her UM insurer. She settled these claims with Allstate then settled her liability claims against Ms. Stewart and Allstate.

Allstate did not pay the settlement within thirty days as provided in La.R.S. 22:1973(B)(2), and Ms. Hope-Kidd filed a motion to enforce the settlement, which the trial court denied. Thereafter, Allstate replaced its counsel with new counsel who negotiated a new settlement with Ms. Hope-Kidd. The new settlement was for the "policy limits in the amount of $10,000.00, plus legal interest and court costs, including costs of certified medical records in the amount of $155.68, plus $7,500.00 in new money." It was reduced to writing on August 24, 2009.

Allstate tendered payments to Ms. Hope-Kidd on September 1, 2009, in the amount of $155.68 and on September 22, 2009, in the amount of $17,500.00. Interest

1

on the $10,000.00 policy limits was not included in either of the two payments, and Ms. Hope-Kidd filed a motion to enforce settlement and for statutory penalties pursuant to La.R.S. 22:1973(B)(2). Within twenty-four hours of service of the motion, Allstate's first notice of the shortfall, payment of the interest was hand delivered to Ms. Hope-Kidd's attorney. After a hearing, the trial court denied the motion.

## DISCUSSION

Ms. Hope-Kidd appeals the trial court's denial of her request for penalties, urging that Allstate's failure to tender 100% of the settlement funds within thirty days of the settlement being reduced to writing warrants an award of penalties against Allstate.[1]

Louisiana Revised Statutes 22:1973, formerly La.R.S. 22:1220, provides in pertinent part:

> A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> . . . .

---

[1]Ms. Hope-Kidd outlines the facts leading to the settlement at issue herein and argues that Allstate's failure to pay the settlement timely should be considered in continuum with its actions prior to the settlement which exposed it to bad faith claims by her and its own insured. Actions taken by prior counsel for Allstate caused Allstate to appoint new counsel and to agree to pay Ms. Hope-Kidd $7,500.00 over its policy limits in order to settle her claims against it. Apparently, the trial court viewed Allstate's conduct after the settlement at issue separately from its actions while represented by prior counsel. Considering Allstate's payment of an additional $7,500.00 to settle Ms. Hope-Kidd's claim for penalties associated with the first settlement, we find the trial court properly separated Allstate's prior alleged bad faith from the interest shortfall.

2

(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

. . . .

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

At the hearing on Ms. Hope-Kidd's motion to enforce the settlement, the trial court explained that it believed Allstate's failure to pay the *full* settlement amount within thirty days was a clerical error because the principal amount of the settlement was paid within thirty days as provided in La.R.S. 22:1973(B)(2). The trial court also observed that this case is different from cases in which penalties have been awarded in that the bulk of the settlement amount herein was paid within thirty days, whereas in the cases in which penalties were awarded, no portion of the settlement was paid within the thirty-day period.

The trial court has discretion in awarding penalties under La.R.S. 22:1973. La.R.S. 22:1973(C); *see also Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360 (La. 12/3/03), 860 So.2d 1112. Accordingly, its denial of penalties can be reversed only if that denial represents an abuse of discretion. *Rozas v. Montero*, 05-484 (La.App. 3 Cir. 11/2/05), 916 So.2d 444. Furthermore, La.R.S. 22:1973 must be strictly construed because it authorizes the imposition of a penalty. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104.

The facts show that Allstate paid 97% of Ms. Hope-Kidd's settlement funds within thirty days of the settlement being reduced to writing and that counsel for Allstate remitted the interest to Ms. Hope-Kidd within twenty-four hours after being notified that approximately $600.00 in interest was not included in the funds paid.

3

Under these circumstances, we cannot say that the trial court abused its discretion in refusing to award Ms. Hope-Kidd penalties against Allstate.

## DISPOSITION

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Eileen Hope-Kidd.

**AFFIRMED.**