MOTION TO DISMISS
ELLIS, Judge.
Because an examination of this record revealed an apparent jurisdictional defect, we issued a rule to show cause why this appeal should not be dismissed.
The final judgment herein in favor of defendant and against plaintiff was signed on May 14, 1971, and application for new trial was denied on June 25, 1971, without being taken under advisement by the court. On September 13, 1971, plaintiff moved for a devolutive appeal, and the return day was fixed for November 2, 1971. The bond for the appeal was not filed until November 2, 1971, which is well over 90 days from the date on which the new trial was denied.
Article 2087 of the Code of Civil Procedure provides, in part, as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
******
“(2) The court’s refusal to grant a timely application for a new trial, if the appli *572 cant is not entitled to notice of such refusal under Article 1914.”
Since the application for the new trial was not taken under advisement by the trial court, plaintiff was not entitled to notice of the decision thereon under Article 1914. The delay for appealing therefore began to run when the application for new trial was denied, and the appeal bond was filed more than 90 days thereafter. We are without jurisdiction to entertain the appeal, and it must be dismissed.
Plaintiff’s contention that a bond is timely when filed on or before the return date is without merit. The law, as pointed out above, is otherwise.
The appeal is therefore dismissed, at plaintiff’s cost.
Appeal dismissed.