349 So.2d 980 (1977)
Charles L. DOOLAN, Plaintiff-Appellant,
v.
Yvonne Pellerin DOOLAN, Defendant-Appellee.
No. 6310.
Court of Appeal of Louisiana, Third Circuit.
August 29, 1977.
*981 Alvis J. Roche, Lake Charles, for plaintiff-appellant.
Nathan A. Cormie and Ronald J. Bertrand, Lake Charles, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
CULPEPPER, Judge.

MOTION TO DISMISS APPEAL
The defendant-appellee, Yvonne Pellerin Doolan, moves to dismiss the devolutive appeal of the plaintiff-appellant, Charles L. Doolan, on the grounds that the plaintiff-appellant did not timely move for an appeal. The appeal has not yet been lodged in this court.
We dismiss the appellant's appeal.
Judgment was read and signed in this matter in favor of the defendant-appellee on April 25, 1977, and on May 2, 1977 the plaintiff timely filed a motion for a new trial. The plaintiff's motion for a new trial was heard on May 13, 1977, and immediately after the arguments the trial court denied the appellant's motion, and caused a minute entry to be made to that effect. Both counsel for the appellant and appellee were present at the hearing on the motion, and at the announcement of the judgment.
On July 19, 1977, 67 days after the trial court's denial of the plaintiff's motion for a new trial, the plaintiff moved for and was granted a devolutive appeal to this court. The plaintiff did not file his appeal bond until August 2, 1977, which was 81 days following the denial of the plaintiff's motion for a new trial.
Article 2087 of the Code of Civil Procedure provides, in pertinent part, that devolutive appeals must be taken, and security furnished, within 60 days from the court's refusal to grant a timely application for a new trial, if the appellant is not entitled to notice of such refusal under Article 1914.
Article 1914 of the Code of Civil Procedure provides as follows:
Art. 1914. "When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
"If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the *982 party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
"If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
"The provisions of this article do not apply to an interlocutory injunctive order or judgment."
In his opposition the appellant argued that in accord with LSA-C.C.P. 1914 he filed a request for notice of judgment with the clerk by letter dated April 29, 1977, and since no notice of the judgment denying his motion for a new trial was ever sent to him, his time in which to perfect his appeal did not begin to run until July 19, 1977, the date he filed his motion for appeal.
Assuming the appellant's letter of April 29, 1977, constituted a request for notice, the appellant is in error as to his interpretation as to LSA-C.C.P. 1914. The cited article has no application except in cases taken under advisement. This is made clear in the "Official Revision Comments" to the cited article which states, in pertinent part, as follows:
"(a) This article is restricted to cases taken under advisement so that the judge may decide whether to render an interlocutory order or judgment.
* * * * * *
"(b) The indirect source of this article requires mailing of notice of the rendition of an interlocutory order or judgment in all cases taken under advisement. This article is narrower, and requires mailing of notice in such cases only when a party has requested it. However, it requires a minute entry of the rendition of such an order or judgment, which affords counsel a ready opportunity of checking on the matter. . . ."
As to a motion for new trial which is not taken under advisement, the jurisprudence is well settled that no notice of judgment is required, even in cases where a formal judgment denying the motion is later rendered. Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La. App. 3 Cir. 1962); Recatto v. Hartford Accident & Indemnity Co., 259 So.2d 571 (La. App. 1 Cir. 1972); Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1 Cir. 1971).
Since the plaintiff was not entitled to notice under LSA-C.C.P. 1914, his delay for appeal began to run when his application for a new trial was denied on May 13, 1977, and since his appeal was not taken until 67 days after the denial of his application for a new trial, it was taken too late, and hence this court is without jurisdiction to consider his appeal.
For the reasons assigned, the appellant's appeal is hereby dismissed. All costs of this appeal are hereby assessed to the plaintiff-appellant.
APPEAL DISMISSED.