LABORDE, Judge.
MOTION TO DISMISS
The plaintiffs-appellees, David L. Thibo-deaux and Donald M. Perron, and defendant-appellee, Western World Insurance Company, move to dismiss the appeal of defendant-appellant, Security Timber Company, Inc. on the grounds that the appeal was not timely.
We dismiss the appellant’s appeal.
Formal judgment was signed and rendered in this matter on April 26, 1979.
On that date, April 26, 1979, the trial judge signed an order at the request of appellant, Security Timber Company, ordering all parties to show cause on May 29, 1979, why a new trial should not be granted.
On May 29,1979, the motion for new trial was argued and submitted. At the conclusion of the argument, the trial judge denied the appellant’s motion for the new trial. The minutes reflect that counsel for all parties were present in court on that date.
On October 5, 1979, Security Timber Company obtained a “judgment denying its motion for a new trial”. On that same day, Security Timber Company, Inc. obtained an order granting it a suspensive appeal of the judgment of April 26, 1979.
According to C.C.P. Art. 2123, a suspen-sive appeal must be taken within thirty days of:
“. . . (2) the court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or . . .”
*602 C.C.P. Art. 1914 provides that notice of the court’s refusal to grant a timely application for new trial is required only if the application for new trial is taken under advisement by the trial court. In the present case, the motion was not taken under advisement, but was rendered at the conclusion of the argument. Therefore, no notice was required by Article 1914.
The appeal taken October 5, 1979 was taken more than four months after the court’s denial of the application for a new trial on May 29, 1979. The appeal cannot be maintained either as a suspensive or devolutive appeal unless effect is given to the signing of the formal judgment denying the motion for the new trial on October 5, 1979.
The judgment of October 5, 1979 cannot be allowed to extend the time delays. In Doolan v. Doolan, 349 So.2d 980 (La.App. 3rd Cir. 1977), we faced the same situation and stated:
“As to a motion for new trial which is not taken under advisement, the jurisprudence is well settled that no notice of judgment is required, even in cases where a formal judgment denying the motion is later rendered.”
In Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir. 1971), the court stated:
“. . .a judgment denying an application for a new trial is interlocutory which need not be signed to be effective where the motion itself was not taken under advisement by the trial judge so as to require notice of the signing of the judgment in compliance with C.C.P. Article 1914.”
As the appellant was not entitled to notice according to Article 1914 of the Code of Civil Procedure, the delay began to run where the application for a new trial was denied on May 29, 1979. Appellant’s appeal, taken some four months after the denial of the new trial is too late. We are without jurisprudence to hear an untimely appeal.

APPEAL DISMISSED.