| .PETERS, J.
This appeal arises from a trial court judgment rendered in favor of the plaintiff, Dana Desselle, and against the defendants, Michael Lafleur and the Town of Cotton-port. The matter is now before us on a motion to dismiss the defendants’ appeal. For the following reasons, we deny the motion to dismiss.
DISCUSSION OF THE RECORD
Ms. Desselle brought suit against Michael Lafleur, Louisiana Municipal Risk Management, Liberty Mutual Fire Insurance Company, and the Town of Cotton-port to recover damages she sustained in an automobile accident. On December 6, 2002, after a two-day bench trial, the trial court rendered judgment awarding Ms. Desselle, among other relief, damages in the amount of $450,480.61. The trial court rendered its judgment against Mr. Lafleur and the Town of Cottonport. Written judgment to this effect was executed by the trial court on December 9, 2002. The language of the written judgment pertinent to this motion is as follows:
The Court, after considering the law and the evidence and the stipulation of counsel, for the reasons set forth orally in Court on December 6, 2002, it is by reason thereof,
ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, DANA DES-SELLE, and against MICHAEL LA-FLEUR and the TOWN OF COTTON-PORT, in solido, in the full sum of $450,480.61, which sum includes $850,000 for general damages, $14,586.61 for past medical expenses, $75,000 for future medical expenses, and $10,944.00 for future earnings.
[[Image here]]
IT IS FURTHER ORDERD[sie], ADJUDGED AND DECREED that a Re-versionary Trust be established for the benefit of the claimant and that all medical care and related benefits incurred subsequent to Judgment be paid pursuant to the Reversionary Trust Agreement.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Reversionary Trust Instrument shall provide that such medical care and related benefits be paid directly to the provider as they are incurred.
LIT IS FURTHER ORDERED, ADJUDGED AND DECREED that all medical care and related benefits incurred subsequent to Judgment be paid from the future medical care fund as provided in LSA R.S. 39:1533.2 and that said medical care and related benefits shall be paid directly to the provider as they are incurred out of the $75,000 in future medical bills awarded by the Court, this Order being made pursuant to LSA R.S. 39:1506(3)(c).
The clerk of court mailed the notice of judgment required by La.Code Civ.P. art. 1913 on December 10, 2002.
On December 30, 2002, Lafleur and the Town of Cottonport filed a single-page document entitled “MOTION TO ESTABLISH REVERSIONARY TRUST’’ which contained the following assertions:
*694 1.
In the December 9, 2002 Judgment, Dana Desselle was awarded $75,000.00 in post-trial future medical expenses.
2.
Pursuant to Louisiana Revised Statute 13:5106 such awards against a political subdivision shall be placed in a re-versionary trust for the future benefit of the claimant, Dana Desselle.
3.
Thus, the future medical expenses awarded to Dana Desselle shall be placed in a reversionary trust in favor of Ms. Desselle.
Attached to the motion was an ex parte order which the trial court executed on the same day. The order provided in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that the future medical expenses awarded to Dana Desselle as described in the December 9, 2002 Judgment shall be placed in a reversion-ary trust.
On January 6, 2003, Ms. Desselle filed a motion for new trial wherein she asserted that “[t]he Judgment dated December 9, 2002 is contrary to the law and the evidence, the amount for pain and suffering being grossly insufficient, and in addition the requirement that any monies be placed in a reversionary trust as set forth by the December 9, 2002 Judgment and the ex parte order dated December 30, 2002, is | ¡¿Ilegal and unconstitutional.” The trial court, by written order, set a March 14, 2003 hearing date for the motion.
On the same day, January 6, 2003, La-fleur and the Town of Cottonport filed a motion for suspensive appeal of the December 9, 2002 judgment. However, the trial court refused to sign the attached order granting the suspensive appeal. Instead, the trial court wrote across the order, “Denied as premature, pending rule on pleadings filed 1/06/03 by Plaintiffs counsel.”
At the March 14, 2003 hearing the trial court denied Ms. Desselle’s motion for a new trial as untimely. The trial court signed a written judgment to this effect on March 20, 2003, and the clerk of court mailed notice of the judgment as required by La.Code Civ.P. art.1913 on the same day.
Lafleur and the Town of Cottonport filed a second motion for a suspensive appeal on March 26, 2003, and, by written order, the trial court granted the motion on the same day. The record of this appeal was lodged in this court on May 7, 2003. On June 9, 2003, Ms. Desselle filed the motion now before us seeking dismissal of the suspensive appeal as untimely perfected.
OPINION
The delay for obtaining a devolutive appeal of a judgment is set forth in La.Code Civ.P. art. 2087(A) which provides:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to |4grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
*695 The delay for obtaining a suspensive appeal of a judgment is set forth in La.Code Civ.P. art. 2123(A) which provides:
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
Louisiana Code of Civil Procedure Article 1974 provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
The clerk of court mailed the notice of judgment on Tuesday, December 10, 2002. Therefore, any party to the litigation had until December 19, 2002, in which to apply for a new trial. The record contains no timely filed application.
The January 6, 2003 request for a sus-pensive appeal fell -within the thirty-day period provided for in La.Code Civ.P. art. 2123(A) and was thus timely filed. However, because of Ms. Desselle’s motion seeking a new trial, the trial court denied the suspensive appeal request as premature. The trial court erred in this respect as Ms. Desselle’s application for new trial was not timely filed and the delays provided by La.Code Civ.P. arts. 2087(A) and 2123(A) had already begun to run.
On March 20, 2003, the clerk of court mailed notice of the trial court’s rejection of Ms. Desselle’s request for a new trial. Thus, the trial court’s grant of the | ¡¡second request for suspensive appeal occurred within thirty days of that notice, but more than ninety days after the clerk of court mailed the notice of the December 9, 2002 judgment. In her motion to have the appeal dismissed, Ms. Desselle argues that, because her motion for a new trial was untimely, the second motion for a suspen-sive appeal filed by Lafleur and the Town of Cottonport was also untimely.
Before addressing the merits of Ms. Desselle’s motion to dismiss the appeal, we must address the issue raised by Lafleur and the Town of Cottonport in their opposition memorandum. In that memorandum, they argue that Ms. Des-selle’s motion to dismiss their appeal is untimely and should be dismissed. In making this argument, they rely on La. Code Civ.P. art. 2161, which states, in pertinent part, “Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.” The record on appeal was lodged in this court on May 7, 2003. Therefore, Ms. Desselle’s motion was filed more than three days after that date.
While recognizing the time delays provided in La.Code Civ.P. art. 2161, we also note that an appeal may be dismissed at any time for lack of jurisdiction. La.Code Civ.P. art. 2162. As the first circuit recognized in Lay v. Stalder, 99-402, p. 5 (La.App. 1 Cir. 3/31/00), 757 So.2d 916, 919:
An appellant’s failure to file a devolu-tive appeal timely is a jurisdictional de- *696 feet, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment.
^Although Lafleur and the Town of Cot-tonport were granted a suspensive and not a devolutive appeal, the rationale is the same. Therefore, we conclude that Ms. Desselle’s motion to dismiss the appeal was timely filed.
We are presented with an unusual factual situation in this matter. The Louisiana Code of Civil Procedure provides for the situation wherein an order of appeal is prematurely granted. See La.Code Civ.P. arts. 2087(D) and 2123(C). Basically, if the order is granted while timely filed motions are pending, it becomes effective when the trial court denies the motions. Id. However, the Code has no provision for a situation where untiniely motions are pending when a party requests an appeal and the trial court erroneously denies the appeal.
Despite the lack of codal authority, we do find that the facts of the instant case are similar to those presented to this court in Thibodeaux v. Western World Ins. Co., 387 So.2d 601 (La.App. 3 Cir.1980). In Thibodeaux, this court initially issued an opinion granting a motion to dismiss the appeal. However, on rehearing, the court reversed its position and reinstated the appeal. In doing so, the court stated:
Appellant contends that the trial judge refused to sign its order for sus-pensive appeal until a formal judgment denying appellant’s motion for a new trial was presented and signed.
Following argument on appellant’s motion for new trial, the court stated,
“Okay. Gentlemen, I am going to rule on this now and I’ll deny the motion for a new trial. Prepare a judgment and send it to me.”
After the denial of its motion for new trial, appellant filed a motion for suspen-sive appeal. In September, 1979, appellant’s counsel received a call from Judge Coreil, the presiding judge, informing counsel that he could not sign the order for suspensive appeal until a formal judgment denying appellant’s motion for new trial was presented and signed. On October 5, 1979, a formal judgment denying appellant’s motion for new trial was signed. Thereafter, appellant immediately |7obtained an order for sus-pensive appeal.
We held, at the original hearing on the motion to dismiss, that appellant’s motion for suspensive appeal was perfected untimely. That finding was correct. However, the untimeliness of the appeal was not the fault of appellant. Appellant filed a motion for appeal after its motion for new trial was orally denied. The trial judge refused to sign the order for appeal until a formal judgment denying appellant’s motion for new trial was signed on October 5, 1979. Since appellant’s motion for new trial was not taken under advisement, the judgment denying the motion did not have to be signed. Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir.1971).
C.C.P. art. 2161 provides, in pertinent part,
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal *697 shall not be dismissed because of any irregularity, error or defect unless it is imputable to the appellant.” (Emphasis supplied)
In the instant action, the appeal was perfected untimely because the trial judge erroneously refused to sign the appeal order until a formal judgment denying appellant’s motion for new trial had been signed. The failure of the trial court to promptly consider and sign the appellant’s motion for a suspensive appeal is not an irregularity, error or defect imputable to the appellant. Hall v. Board of Supervisors, Southern University, etc., et al., 387 So.2d 643 (La.App. 1st Cir.1980).
For the foregoing reasons, we find that the error or defect is not and should not be imputable to the appellant and that this appeal was timely perfected. Therefore, we recall and vacate our previous judgment dismissing the appellant’s appeal, and we further hold that this court has jurisdiction to consider this appeal.
387 So.2d at 602-3.
In the matter before us, as in Thibo-deaux, although we find that the subsequently filed motion for appeal was untimely, this untimely filing was not due to an error imputable to Lafleur and the Town of Cottonport. Accordingly, we deny the motion to dismiss the appeal. La.Code Civ.P. art. 2161.

MOTION TO DISMISS DENIED.

COOKS, J., dissents and assigns written reasons.