# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 12-81

**STATE OF LOUISIANA IN THE INTEREST OF
B.S., K.S., L.S., B.S., Jr., AND J.S.**

\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, JUVENILE DOCKET NO. 24153
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**EXCEPTION OF LACK OF JURISDICITON SUSTAINED.
EXCEPTION OF NO CAUSE OF ACTION NOT CONSIDERED.
MOTION TO DISMISS APPEAL GRANTED.**

**N.S.**
**Post Office Box 17134**
**Lake Charles, Louisiana 70616**
**(337) 496-4532**
**In Proper Person**

**J. Wade Smith**
**Post Office Box 1706**
**Lake Charles, Louisiana**
**(337) 436-8424**
**COUNSEL FOR APPELLANT:**
      **N.S.**

**B.S., Sr.**
**Post Office Box 17134**
**Lake Charles, Louisiana 70616**
**(337) 496-4532**
**In Proper Person**

**Douglas K. Hall**
**1011 Lakeshore Drive, Suite 316**
**Lake Charles, Louisiana 70601**
**(337) 564-6722**
**COUNSEL FOR APPELLANT:**
    **B.S., Sr.**

**Richard B. Scandrett, III**
**Children's Advocacy Program**
**1 Lakeshore Drive, Suite 1585**
**Lake Charles, Louisiana 70601**
**COUNSEL FOR THE MINOR CHILDREN:**
    **B.S., K.S., L.S., B.S., Jr.,  and J.S.**

**Nicholas Pizzolatto, Jr.**
**4250 5th Avenue**
**Lake Charles, Louisiana 70607**
**(337) 475-3037**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana, Department of**
    **Children and Family Services**

**Stephen A. Berniard, Jr.**
**1011 Lakeshore Drive, Suite 500**
**Lake Charles, Louisiana 70601**
**(337) 436-9481**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana, Department of**
    **Children and Family Services**

**John F. DeRosier - District Attorney, 14th Judical District**
**Ronald A. Rossitto - Assistant District Attorney, 14th Judicial District**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**GENOVESE, Judge.**

In this children in need of care (CINC) case, N.S. and B.S., Sr., the biological parents of B.S., K.S., L.S., B.S., Jr., and J.S.,[1] appeal the trial court judgment declaring their children to be in need of care. On appeal, the parents have filed a Peremptory Exception of No Cause of Action, and the State of Louisiana, Department of Children and Family Services (DCFS), has filed a Peremptory Exception of Lack of Jurisdiction and a Motion to Dismiss the Appeal. For the following reasons, we grant DCFS's exception and motion and are without legal authority to consider the parents' exception.

## FACTS AND PROCEDURAL HISTORY

On May 31, 2011, the trial court signed an instanter order placing the minor children, B.S., K.S., L.S., B.S., Jr. and J.S., in the custody of DCFS. Following a continued custody hearing that was attended by both parents and their attorneys on June 3, 2001, the children remained in DCFS's custody. On August 11–12, 2011, the trial court held an adjudication hearing which was also attended by both parents and their attorneys. At the adjudication hearing, N.S. and B.S., Sr., through their respective attorneys, indicated in open court that an agreement had been reached, and each admitted that their children were in need of care. Each parent likewise, in open court, verbally confirmed their understanding of the admission. Accordingly, the trial court signed a CINC adjudication judgment on August 12, 2011, expressly stating that the parents "stipulate that the children are in need of care without admitting to the allegations of the petition." A Letter Notice of Judgment was sent to each of the attorneys representing the parents on August 16, 2011. Neither N.S. nor B.S., Sr. filed a motion for new trial. N.S. and B.S., Sr. filed a Motion for Appeal from the August 12, 2011 judgment on November 22, 2011.

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5—1 and 5—2, the initials of the parties are used to protect and maintain the privacy of the minor children involved in this proceeding.

## LAW AND DISCUSSION

In this case, the trial court signed the CINC adjudication judgment on August 12, 2011, and it is undisputed that a Letter Notice of Judgment was sent by the clerk of court to the respective attorneys of N.S. and B.S., Sr., on August 16, 2011. Therefore, since the parents did not file a motion for new trial, the deadline for their filing of a motion for appeal was August 31, 2011, fifteen days from the mailing of notice of the judgment as per La.Ch.Code art. 332.[2] The parents did not

---

[2] Louisiana Children's Code Article 332 provides:

A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in Code of Civil Procedure Article 1913.

C. After judgment is signed, a party may make a written request for a motion for new trial on any ground provided by law. The delay for applying for a new trial is three days, exclusive of holidays, and shall commence to run from the mailing of notice of judgment. A motion for new trial shall be decided expeditiously and within seven days from the date of submission for decision.

Louisiana Code of Civil Procedure Article 1913 provides:

A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.

B. Notice of the signing of a default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.

C. Notice of the signing of a default judgment against a defendant on whom citation was served personally, and who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.

D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.

E. Repealed by Acts 2008, No. 824, § 5, eff. Jan. 1, 2009.

pursue a new trial, and their Motion for Appeal was not filed until November 22, 2011; accordingly, it was untimely. Given their failure to timely seek appellate relief, this court is without jurisdiction to consider the merits of the parents' appeal;[3] therefore, DCFS's Peremptory Exception of Lack of Jurisdiction is sustained.[4]

Additionally, we find merit in DCFS's Motion to Dismiss the Appeal. The trial court's August 12, 2011 CINC adjudication judgment contains a stipulation of the parents, through their respective attorneys, that the children were in need of care. This judgment is a consent judgment from which an appeal may not be taken. La.Code Civ.P. art. 2085.[5] Therefore, because this court lacks jurisdiction to consider an untimely appeal, and because this matter presents an attempt to appeal a non-appealable judgment, the Motion to Dismiss the Appeal is granted.

## DECREE

For the reasons assigned, the Peremptory Exception of Lack of Jurisdiction filed by the State of Louisiana, Department of Children and Family Services, is sustained, and its Motion to Dismiss the Appeal is granted. Costs of this appeal are assessed to N.S. and B.S., Sr.

**EXCEPTION OF LACK OF JURISDICITON SUSTAINED.**
**EXCEPTION OF NO CAUSE OF ACTION NOT CONSIDERED.**
**MOTION TO DISMISS APPEAL GRANTED.**

---

[3]*Parish of Jefferson v. McGee*, 11-76 (La.App. 5 Cir. 5/24/11), 67 So.3d 640.

[4] Because this court is without jurisdiction, it is likewise without legal authority to consider the merits of the Peremptory Exception of No Cause of Action filed by N.S. and B.S., Sr. on appeal.

[5] Louisiana Code of Civil Procedure Article 2085 provides:

> An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.