NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1107

IN RE:  C.W.B. AND D.A.L.B.
APPLYING FOR THE ADOPTION OF R.M.G.B.

\**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7129
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

\**********

PHYLLIS M. KEATY
JUDGE

\**********

Court composed of Marc T. Amy, Phyllis M. Keaty, and John E. Conery, Judges.

Amy, J. concurs and assigns reasons.

PEREMPTORY EXCEPTIONS GRANTED;
DECLINATORY EXCEPTION GRANTED.

**Harold D. Register, Jr.**
**A Professional Law Corporation**
**Post Office Box 80214**
**Lafayette, Louisiana  70598-0214**
**(337) 981-6644**
**Counsel for Intervenor/Appellant:**
**B.B.**

**Nicholas Pizzolatto, Jr.**
**State of Louisiana,**
**Department of Children and Family Services**
**1919 Kirkman Street**
**Lake Charles, Louisiana  70601**
**(337) 491-2066**
**Counsel for Appellee:**
**State of Louisiana, Department of Children and Family Services**

**C.W.B. and D.A.L.B.**
**In Proper Person**
**220 Heather Street**
**Lake Charles, Louisiana  70605**
**Plaintiffs/Appellees**

**KEATY, Judge.**

Intervenor/Appellant, B.B., appeals the trial court's two judgments granting an adoption in favor of C.W.B. and D.A.L.B. and denying B.B.'s Motion for a New Trial. In response, Appellee, the Louisiana Department of Children and Family Services (DCFS), challenges B.B.'s standing and asserts multiple jurisdictional exceptions. For the following reasons, DCFS's exceptions are granted, divesting this court of its authority to hear B.B.'s appeals.

## FACTS & PROCEDURAL HISTORY

This juvenile adoption matter deals with a paternal uncle's rights regarding his niece who was legally adopted by another couple. The niece, R.M.G.B., was taken into custody by DCFS on August 31, 2012, directly from the hospital where she was born on August 15, 2012. On September 5, 2012, DCFS placed R.M.G.B. with C.W.B. and D.A.L.B., foster parents, where she has lived continuously through the present day. The parental rights of R.M.G.B.'s biological parents were terminated in open court on May 5, 2014, and the Judgment of Termination of Parental Rights and Certificate for Adoption was signed on May 9, 2014, in the matter entitled *State in the Interest of R.M.G.B.*, Docket Number 12-72, in the Fifteenth Judicial District Court, Vermilion Parish. On August 21, 2014, C.W.B. and D.A.L.B. filed a Petition for Agency Adoption in Docket Number 7129, in the Fourteenth Judicial District Court, Calcasieu Parish. The trial court granted the adoption in closed court at 9:23 a.m. on October 3, 2014, pursuant to its Final Decree of Adoption which was signed and filed that same day.

On that same morning, B.B. attempted to intervene in the adoption proceeding through his attorney who appeared in the courtroom before the hearing began. There were two adoption proceedings on the docket with R.M.G.B.'s

scheduled to go second. B.B.'s counsel was advised that he would not be allowed to stay in the courtroom during the adoption proceeding due to the confidentiality of juvenile proceedings. B.B. contends that his counsel was supposed to be called into the courtroom when R.M.G.B.'s proceeding began. His attorney was never called into the courtroom, and, after the trial court rendered judgment, B.B.'s counsel explained to the trial court the following: B.B.'s concern regarding the adoption, B.B.'s intention to intervene, and that he was present in the courthouse but not allowed into the courtroom during the proceeding. His counsel further proffered B.B.'s Motion to Intervene and for Injunctive Relief (Motion to Intervene) in open court and subsequently fax-filed it in the adoption proceeding at 10:07 a.m. that same day. He filed a Motion for New Trial on October 7, 2014, which the trial court orally denied in open court after a hearing on October 30, 2014. B.B. appealed this October 30, 2014 judgment on December 17, 2014. Thereafter, on January 5, 2015, he appealed the October 3, 2014 judgment granting the adoption.

On appeal, B.B. asserts the following four assignments of error:

I.      The trial court erred when it denied B.B.'s Motion for New Trial.

II.     The Judgment rendered in the trial court was an absolute nullity.

III.    The trial court erred when it denied B.B. a meaningful opportunity to be heard during the adoption proceedings of R.M.G.B.

IV.     The trial court erred when it denied visitation to B.B.

In response, DCFS asserts a peremptory exception of no cause of action and no right of action with respect to the adoption proceeding and the trial court's denial of B.B.'s Motion for New Trial. It further asserts a declinatory exception of

lack of subject matter jurisdiction and a peremptory exception of prescription. Finally, DCFS contends that should we deny its exceptions, the trial court did not commit reversible error when granting the adoption and denying B.B.'s Motion for New Trial. We agree with DCFS and grant its exceptions, thereby pretermitting any discussion of B.B.'s assignments of error.

## DISCUSSION

### I.  No Cause of Action and No Right of Action

DCFS asserts a peremptory exception of no cause of action with respect to B.B.'s attempted intervention into the adoption proceeding on October 3, 2014, and no right of action with respect to B.B.'s Motion for New Trial, which was denied by the the trial court on October 30, 2014. The function of the peremptory exception of no cause of action was discussed in *Fink v. Bryant*, 01-987, pp. 3-4 (La. 11/28/01), 801 So.2d 346, 348-49 (citations omitted), as follows:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. . . . Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

We begin our analysis by determining whether B.B.'s attempted intervention complied with the applicable law, including La.Ch.Code art. 1208, which provides, in pertinent part:

> A. The court shall sign the order setting the time and place for the hearing of the petition for agency adoption . . . .

B.  At this hearing the court shall consider:

(1)  Any motion to intervene which has been filed.

Interventions in agency adoptions "shall not be allowed except on motion to the court and a showing of good cause[,]" and "shall be limited to persons having a substantial caretaking relationship with the child for one year or longer, or any other person that the court finds to be a party in interest." La.Ch.Code art. 1209(A) and (B).

In reviewing the transcript from the October 30, 2014 hearing on B.B.'s Motion for New Trial, we find that the trial court indicated that there were no pending pleadings, including B.B.'s Motion to Intervene, filed prior to or at the time of the October 3, 2014 adoption proceeding.  The trial court specifically stated: "There's nothing in this record to suggest that there are any pleadings pending with this court prior to the request and the execution of the adoption request."  The trial court also indicated that at the time of the adoption proceeding hearing, B.B.'s Motion to Intervene "was not in the record nor was it . . . filed into the registry of the court."  Since B.B.'s Motion to Intervene and for Injunctive Relief was not filed until 10:07 a.m. on October 3, 2014, after the conclusion of the adoption proceeding which ended at 9:23 that morning, the requirements of La.Ch.Code arts. 1208 and 1209 were not met.  Additionally, the "legal sufficiency" of his motion to intervene could not be tested since it was not pending at the time of the adoption proceeding.  *Fink*, 801 So.2d at 348.  Accordingly, DCFS's peremptory exception of no cause of action is granted in this regard.

With respect to DCFS's peremptory exception of no right of action regarding B.B.'s Motion for New Trial, we look to *Mississippi Land Co. v. S & A*

*Properties II, Inc.*, 01-1623, p. 2 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-03 (citations omitted) wherein we stated:

> Under La.Code Civ.P. art 927, a defendant may raise the peremptory exception of no right of action. An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit.

Keeping the foregoing in mind, we look to La.Ch.Code art. 332(C) regarding new trials which provides in pertinent part: "After judgment is signed, a party may make a written request for a motion for new trial on any ground provided by law. The delay for applying for a new trial is three days, exclusive of holidays, and shall commence to run from the mailing of notice of judgment."

In this case, B.B. was not a party to the adoption proceeding because his Motion to Intervene was not filed at the time of the October 3, 2014 hearing. Since he was not a party to this original trial, B.B. had no standing to make a written request for a new trial. We, therefore, grant DCFS's peremptory exception of no right of action in this regard.

## II.  <u>Subject Matter Jurisdiction and Prescription</u>

DCFS asserts a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of prescription regarding B.B.'s appeals. The declinatory exception of lack of subject matter jurisdiction was discussed by the supreme court in *Canal/Claiborne, Ltd. v. Stonehedge Development, LLC*, 14-664, pp. 4-5 (La. 12/9/14), 156 So.3d 627, 632 (citations omitted), as follows:

> Louisiana courts have recognized that such an exception may be raised at any stage of the proceedings, including at the appellate level. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. Thus, a judgment rendered by a court with no jurisdiction over the subject matter of the action or proceeding is void.

With respect to the peremptory exception of prescription, its "'function . . . is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.'" *Charles v. Landry*, 09-1161, p. 6 (La.App. 3 Cir. 3/10/10), 32 So.3d 1164, 1168 (quoting La.Code Civ.P. art. 923).

Keeping in mind the foregoing, if B.B.'s appeals are prescribed, we are divested of jurisdiction based upon our finding in *State ex. rel. E.A.*, 02-996, p. 3 (La.App. 3 Cir. 10/2/2), 827 So.2d 594, 596, wherein we held that "the defect of not taking an appeal timely is jurisdictional, and neither counsel, the trial court, nor the appellant [sic] court has the authority to extend this delay." We look to the time limitation placed on appeals in juvenile adoption matters which is governed by La.Ch.Code art. 1259 providing in pertinent part:

> A. . . . any other party in interest shall have the right to appeal a judgment granting or refusing to grant an interlocutory or final decree regarding any type of adoption within thirty days after the rendition of a judgment or decree.
>
> B. If no appeal is perfected within thirty days after a judgment is rendered, the judgment shall be final.

In this case, the adoption was rendered on October 3, 2014, and B.B. filed his Notice of Intent to Seek Appeal of that judgment on January 5, 2015. His right to appeal prescribed thirty days after the rendering of judgment. Thus, his appeal was untimely.

As to the October 30, 2014 judgment denying his Motion for New Trial, B.B. filed a Notice of Intent to Seek Appeal on December 17, 2014. Even though B.B. lacked standing to file a Motion for New Trial, we find that his time for filing this appeal also prescribed pursuant to La.Ch.Code art. 332, which provides in pertinent part:

6

A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in Code of Civil Procedure Article 1913.

In certain cases, a notice of judgment is unnecessary as explained in *Doolan v. Doolan*, 349 So.2d 980, 982 (La.App. 3 Cir. 1977):

As to a motion for new trial which is not taken under advisement, the jurisprudence is well settled that no notice of judgment is required, even in cases where a formal judgment denying the motion is later rendered. *Simon v. Lumbermens Mutual Casualty Company*, 138 So.2d 465 (La.App. 3 Cir. 1962); *Recatto v. Hartford Accident & Indemnity Co.*, 259 So.2d 571 (La.App. 1 Cir. 1972); *Kleinpeter v. Kleinpeter*, 246 So.2d 240 (La.App. 1 Cir. 1971).

"Where counsel for both parties are present in court when a motion for a new trial is argued and a ruling thereon is rendered forthwith, no notice of the signing of the judgment is required." *Kleinpeter*, 246 So.2d at 241.

In this case, B.B. was present with his attorney in open court on October 30, 2014, when the trial court denied his Motion for New Trial. He, therefore, was not entitled to notice of the signing of the judgment and "the delay began to run where the application for a new trial was denied on" October 30, 2014. *Thibodeaux v. W. World Ins. Co.*, 387 So.2d 601, 602 (La.App. 3 Cir. 1980). Since his appeal prescribed in mid-November, B.B.'s Notice of Intent to Seek Appeal on December 17, 2014, was untimely. We, therefore, grant DCFS's declinatory exception of lack of subject matter jurisdiction and peremptory exception of prescription in this regard.

7

**DECREE**

DCFS's peremptory exception of no cause of action and no right of action is granted. DCFS's declinatory exception of lack of subject matter jurisdiction and peremptory exception of prescription is granted. We are without jurisdiction to hear B.B.'s appeals. All costs associated with both appeals are assessed to B.B.

**PEREMPTORY EXCEPTIONS GRANTED; DECLINATORY EXCEPTION GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

NUMBER 15-1107

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

IN RE: C.W.B. AND D.A.L.B.
APPLYING FOR THE ADOPTION OF R.M.G.B.

AMY, J., concurring.

I agree with the majority's grant of the peremptory exception of lack of subject matter jurisdiction. However, I find that the grant of that exception resolves the case and pretermits further discussion of the remaining issues in this matter. *See State in the Interest of B.S.*, 12-81 (La.App. 3 Cir. 5/2/12), 94 So.3d 120.

For these reasons, I respectfully concur.